UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DEADRIAN BOYKINS, )
)
Petitioner, )
)
v. ) No. 1:17-cv-04437-SEB-DLP
)
DUSHAN ZATECKY, )
)
Respondent. )

**Entry Granting Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Deadrian Boykins for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 17-05-0034. For the reasons explained in this Entry, Mr. Boykins' habeas petition must be **granted**.

A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

B. The Disciplinary Proceeding

On May 6, 2017, Mr. Boykins was charged with offense A-102, assault:

> On the above date and approx time, I Ofc. K. Boules was watching the chow line in dining room two. After everyone was seated, Offender Boykins (201883) and Offender Smith (974253) began to fight. I Ofc. Boules called a Signal 10-10 and went to split them up. No force was required because both offenders complied. Both Ofds. were placed in restraints. Ofd. Boykins was taken to a dry cell. Ofd. Smith was taken to the infirmary to be seen by medical.

A photograph attached to the conduct report depicts the injuries that Mr. Smith suffered. Dkts. 8-1, 10.

On May 11, 2017, Mr. Boykins was served with a copy of the conduct and screening reports. Mr. Boykins was notified of his rights. He did not request a lay advocate, witnesses, or physical evidence. Dkt. 8-2.

On May 12, 2017, the hearing officer held a hearing in case ISR 17-05-0034. Mr. Boykins stated that, "this is not a 102. It's a fight only." Dkt. 8-3. After considering staff reports, Mr. Boykins' statement, and the photograph, the hearing officer found Mr. Boykins guilty of offense A-102, assault. Mr. Boykins' sanctions included a loss of 380 days credit time and demotion from credit class 1 to credit class 2. *Id*.

Mr. Boykins appealed to the Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## C. Analysis

In support of his petition for habeas relief, Mr. Boykins argues that his due process rights were violated in three ways: (1) he was not provided a sufficient written statement detailing the reasons for the disciplinary action; (2) there was no statement or medical report indicating the other offender had suffered bodily harm; and (3) the hearing officer did not consider all of the facts. Because the Court finds that Mr. Boykins is entitled to relief on the first ground, it will not address his other grounds.

### 1. Exhaustion

Mr. Boykins first ground for relief is that he was not provided with a sufficient written statement of the reasons for the disciplinary action. The respondent argues that Mr. Boykins did not raise this ground in his administrative appeal and is therefore barred from raising it here. Mr. Boykins replies that he exhausted this ground by challenging the "findings" in his administrative appeal.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). Failure to exhaust administrative remedies is an affirmative defense meaning that the respondent bears the burden of proving that Mr. Boykins failed to exhaust this issue in his administrative appeals.

Although the respondent's brief asserts that Mr. Boykins completed the appeals process by filing two levels of appeals, the respondent only provided the Court with one of Mr. Boykins' administrative appeals. In that appeal, Mr. Boykins characterizes his grounds for appeal as: "violation of due process by findings of guilty for A-102 without evidence to support that finding and finding of restitution." Dkt. 8-4.

In *Wolff*, the Supreme Court enshrined four hallmarks of a prison disciplinary action that comports with due process. 418 U.S. at 570-71. One of those four hallmarks is a sufficient written statement of the reasons for the disciplinary action. Mr. Boykins' challenge to the findings in his disciplinary action can be understood to be a challenge to the sufficiency of the hearing officer's written statement of reasons. The respondent has failed to establish that Mr. Boykins failed to

exhaust this issue in his administrative appeals. Therefore, the Court will address the merits of Mr. Boykins' claim.

### 2. Written Statement of Reasons

"Due process requires that an inmate subject to disciplinary action is provided 'a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions.'" *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) (quoting *Forbes v. Trigg*, 976 F.2d 308, 318 (7th Cir. 1992)). The written-statement requirement is not "onerous," as the statement "need only illuminate the evidentiary basis and reasoning behind the decision." *Id.* The level of detail required in a hearing officer's written statement "will vary from case to case depending on the severity of the charges and the complexity of the factual circumstances and proof offered by both sides." *Arce v. Indiana Parole Bd.*, 596 F. App'x 501, 503 (7th Cir. 2015) (quoting *Culbert v. Young*, 834 F.2d 624, 631 (7th Cir. 1987)).

Here, the charge is severe and the factual circumstances do not lend themselves to a straightforward finding that Mr. Boykins' assault of Mr. Smith caused Mr. Smith serious bodily injury, as the charge required. Offense A-102 prohibits:

> Committing battery/assault upon another person with a weapon (including the throwing of bodily fluids or waste on another person) or inflicting serious bodily injury.

Adult Disciplinary Process Appendix I: Offenses (June 1, 2015) at 1.[1] The disciplinary code defines "serious bodily injury" as:

> An injury to a person that requires urgent and immediate medical treatment (normally more extensive than mere first aid, such as bandaging a wound; but which might include stitches, setting of broken bones, treatment of concussion, etc.) and/or that creates a substantial risk of death or that causes:
>
> - Serious permanent disfigurement;

---

[1] Available at https://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf

- Unconsciousness;
- Extreme pain;
- Permanent or protracted loss or impairment of the function of a bodily member or organ; or
- Loss of fetus.

*Id.* at 6. [2]

In his claim regarding the sufficiency of the evidence, Mr. Boykins complains that there was no evidence that Mr. Smith required medical treatment beyond first aid or that his injuries met any of the prongs of the definition of serious bodily injury. The respondent argues that the photograph of Mr. Smith with blood streaming down his face is some evidence that he suffered extreme pain. This Court disagrees. Unlike serious permanent disfigurement; unconsciousness; permanent or protracted loss or impairment of the function of a bodily member or organ; or loss of fetus, a picture is not evidence of a subjective state of mind. Of course a bloody nose and eye is painful, but there is no reasonable basis to conclude that anything more than the bandaging of a wound was required or that Mr. Smith's subjective pain was extreme.

The hearing officer states in his report that, to reach his decision, he relied upon staff reports, Mr. Boykins' statement and the photograph of Mr. Smith. In the box marked "Reason for Decision" the hearing officer wrote: "preponderance of the evidence sanctions given due to violation of offense." Rather than providing the reasons for the hearing officer's decision, this statement simply concludes that Mr. Boykins was guilty of the offense. There is no explanation for the hearing officer's basis for the finding that Mr. Smith was in extreme pain. Such an explanation was particularly important given the fact that Mr. Boykins specifically argued that he was guilty of fighting rather than of a Class A-102 violation. The record reflects that Mr. Boykins

---

[2] Available at https://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf

was admittedly guilty of a Code B-212 violation for assault/battery. Code B-212 prohibits, "Committing a battery/assault upon another person without a weapon or inflicting bodily injury." Given this argument and the record, due process requires the hearing officer to articulate a reason for finding that a serious bodily injury occurred. "Ordinarily a mere conclusion that the prisoner is guilty will not satisfy" due process requirements. *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). The purpose of the written statement is to allow "a reviewing court . . . [to] determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Id.* The evidence that Mr. Smith suffered serious bodily injury was scant enough that, to satisfy due process, the hearing officer needed to provide reasons for his determination of guilt so that a reviewing court could assess whether the evidence was adequate to support that determination.[3]

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Because the hearing officer's written statement of reasons was insufficient, the finding and sanctions imposed in case No. ISR 17-05-0034 must be

---

[3] In addition, the hearing officer issued a sanction of the loss of 380 days of good credit time. The Disciplinary Code requires justification from the hearing officer for sanctions revoking more than six-months of good credit time and allows for the revocation of up to 365 days. Adult Disciplinary Code at 38-39. Here, the hearing officer issued a sanction beyond the maximum 365 days and provided no justification. Although the violation of prison policy does not necessarily rise to the level of a constitutional violation, the extreme sanction issued here should have been supported by a sufficient statement of reasons for both the finding of guilt and the imposition of a sanction beyond what prison policy allows and outside the usual pattern of losses of good time credit for similar misconduct.

**VACATED AND RESCINDED**. Accordingly, Mr. Boykins' petition for a writ of habeas corpus is **GRANTED**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/18/2018

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEADRIAN BOYKINS
201883
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov