SCANNED at PENDLETON and Emailed on
05/20/19 by KS - 10 pages.
(date)          (initials)    (num)

**Lyles, Whitney M**

| | |
|---|---|
| From: | insd_cmecf@insd.uscourts.gov |
| Sent: | Wednesday, June 20, 2018 3:02 PM |
| To: | nef@insd.uscourts.gov |
| Subject: | Activity in Case 1:17-cv-04437-SEB-DLP BOYKINS v. ZATECKY Entry |

**** This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. ****

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTICE***There is no charge for viewing opinions.

<div style="text-align:center">

**U.S. District Court**
**Southern District of Indiana**
Office of the Clerk
(317)229-3700
www.insd.uscourts.gov

</div>

<div style="border:1px solid red; text-align:center">

**FILED**

**9:52 am, Mar 21, 2019**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

</div>

**Notice of Electronic Filing**

The following transaction was entered on 6/20/2018 at 3:01 PM EDT and filed on 6/18/2018
**Case Name:**      BOYKINS v. ZATECKY
**Case Number:**    1:17-cv-04437-SEB-DLP
**Filer:**
**Document Number:** 14

**Docket Text:**
**ENTRY - Granting Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment; The petition of Deadrian Boykins for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 17-05-0034. The hearing officer's written statement of reasons was insufficient, the finding and sanctions imposed in case No. ISR 17-05-0034 must be VACATED AND RESCINDED. Accordingly, Mr. Boykins' petition for a writ of habeas corpus is GRANTED. Judgment consistent with this Entry shall now issue. Signed by Judge Sarah Evans Barker on 6/18/2018. (CKM)**

**1:17-cv-04437-SEB-DLP Notice has been electronically mailed to:**

Abigail Recker      abigail.recker@atg.in.gov, Daniele.McMinn@atg.in.gov

**1:17-cv-04437-SEB-DLP Notice has not been electronically mailed to:**

DEADRIAN BOYKINS
201883         16-1D      Exhibit B
PENDLETON - CF

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DEADRIAN BOYKINS,                    )
                                     )
                Petitioner,          )
                                     )
        v.                           )       No. 1:17-cv-04437-SEB-DLP
                                     )
DUSHAN ZATECKY,                      )
                                     )
                Respondent.          )

**Entry Granting Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Deadrian Boykins for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 17-05-0034. For the reasons explained in this Entry, Mr. Boykins' habeas petition must be **granted**.

### A.    Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B.    The Disciplinary Proceeding

On May 6, 2017, Mr. Boykins was charged with offense A-102, assault:

1. Exhaustion

Mr. Boykins first ground for relief is that he was not provided with a sufficient written statement of the reasons for the disciplinary action. The respondent argues that Mr. Boykins did not raise this ground in his administrative appeal and is therefore barred from raising it here. Mr. Boykins replies that he exhausted this ground by challenging the "findings" in his administrative appeal.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). Failure to exhaust administrative remedies is an affirmative defense meaning that the respondent bears the burden of proving that Mr. Boykins failed to exhaust this issue in his administrative appeals.

Although the respondent's brief asserts that Mr. Boykins completed the appeals process by filing two levels of appeals, the respondent only provided the Court with one of Mr. Boykins' administrative appeals. In that appeal, Mr. Boykins characterizes his grounds for appeal as: "violation of due process by findings of guilty for A-102 without evidence to support that finding and finding of restitution." Dkt. 8-4.

In *Wolff,* the Supreme Court enshrined four hallmarks of a prison disciplinary action that comports with due process. 418 U.S. at 570-71. One of those four hallmarks is a sufficient written statement of the reasons for the disciplinary action. Mr. Boykins' challenge to the findings in his disciplinary action can be understood to be a challenge to the sufficiency of the hearing officer's written statement of reasons. The respondent has failed to establish that Mr. Boykins failed to

- Unconsciousness;
- Extreme pain;
- Permanent or protracted loss or impairment of the function of a bodily member or organ; or
- Loss of fetus.

*Id.* at 6. [2]

In his claim regarding the sufficiency of the evidence, Mr. Boykins complains that there was no evidence that Mr. Smith required medical treatment beyond first aid or that his injuries met any of the prongs of the definition of serious bodily injury. The respondent argues that the photograph of Mr. Smith with blood streaming down his face is some evidence that he suffered extreme pain. This Court disagrees. Unlike serious permanent disfigurement; unconsciousness; permanent or protracted loss or impairment of the function of a bodily member or organ; or loss of fetus, a picture is not evidence of a subjective state of mind. Of course a bloody nose and eye is painful, but there is no reasonable basis to conclude that anything more than the bandaging of a wound was required or that Mr. Smith's subjective pain was extreme.

The hearing officer states in his report that, to reach his decision, he relied upon staff reports, Mr. Boykins' statement and the photograph of Mr. Smith. In the box marked "Reason for Decision" the hearing officer wrote: "preponderance of the evidence sanctions given due to violation of offense." Rather than providing the reasons for the hearing officer's decision, this statement simply concludes that Mr. Boykins was guilty of the offense. There is no explanation for the hearing officer's basis for the finding that Mr. Smith was in extreme pain. Such an explanation was particularly important given the fact that Mr. Boykins specifically argued that he was guilty of fighting rather than of a Class A-102 violation. The record reflects that Mr. Boykins

---

[2] Available at https://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf

VACATED AND RESCINDED. Accordingly, Mr. Boykins' petition for a writ of habeas corpus is **GRANTED**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   6/18/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEADRIAN BOYKINS
201883
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov

Lyles, Whitney M

| | |
|---|---|
| From: | insd_cmecf@insd.uscourts.gov |
| Sent: | Wednesday, June 20, 2018 3:06 PM |
| To: | nef@insd.uscourts.gov |
| Subject: | Activity in Case 1:17-cv-04437-SEB-DLP BOYKINS v. ZATECKY Closed Judgment |

**** This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. ****

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTICE***The electronically filed document(s) may be viewed once at no charge by clicking on the Document Number hyperlink (example -21). To avoid PACER charges for subsequent viewing, download or print a copy of the document(s) during the first viewing. If the document number is not hyperlinked, the filing was not submitted electronically and must be served in paper form pursuant to Fed.R.Civ.P.5(b).

<div align="center">

**U.S. District Court**
**Southern District of Indiana**
**Office of the Clerk**
**(317)229-3700**
www.insd.uscourts.gov

</div>

**Notice of Electronic Filing**

The following transaction was entered on 6/20/2018 at 3:06 PM EDT and filed on 6/18/2018
**Case Name:** BOYKINS v. ZATECKY
**Case Number:** 1:17-cv-04437-SEB-DLP
**Filer:**
**WARNING: CASE CLOSED on 06/18/2018**
**Document Number:** 15

**Docket Text:**
**FINAL JUDGMENT - PURSUANT TO FED. R. CIV. PRO. 58 ; The Court now enters FINAL JUDGMENT in favor of the petitioner, Deadrian Boykins. His petition for a writ of habeas corpus is granted. The decision in prison disciplinary proceeding No. ISR 17-05-0034 is vacated. The lost good-time credits and credit class demotion resulting from this proceeding must be immediately restored. Signed by Judge Sarah Evans Barker on 6/18/2018. (CKM)**

**1:17-cv-04437-SEB-DLP Notice has been electronically mailed to:**

Abigail Recker      abigail.recker@atg.in.gov, Daniele.McMinn@atg.in.gov

**1:17-cv-04437-SEB-DLP Notice has not been electronically mailed to:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DEADRIAN BOYKINS,                        )
                                         )
                    Petitioner,          )
                                         )
          v.                             )      No. 1:17-cv-04437-SEB-DLP
                                         )
DUSHAN ZATECKY,                          )
                                         )
                    Respondent.          )

**FINAL JUDGMENT PURSUANT TO FED. R. CIV. PRO. 58**

The Court now enters FINAL JUDGMENT in favor of the petitioner, Deadrian Boykins.

His petition for a writ of habeas corpus is **granted**. The decision in prison disciplinary proceeding

No. ISR 17-05-0034 is **vacated**. The lost good-time credits and credit class demotion resulting

from this proceeding must be **immediately restored**.

Date:   6/18/2018                        _Sarah Evans Barker_
                                         SARAH EVANS BARKER, JUDGE
                                         United States District Court
                                         Southern District of Indiana

Distribution:

DEADRIAN BOYKINS
201883
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov

3:55:51 F

```
TFMITRAN                    OFFENDER TRUST SYSTEM          03/08/19  8:55:38
LOC: ISR                  TRANSACTION HISTORY INQUIRY           USER: ISRA88

  OFFENDER NO  201883     NAME: BOYKINS        DEADRIAN      C

  FROM DATE: 09 / 01 / 2018  TO DATE: 03 / 01 / 2019  STATUS: AC  HSE UNIT: JH

                          ENDING BALANCE (END OF MONTH)=        $0.00
  DOCMT       TRAN                              TRAN   POST    BATCH   TRAN      ACCOUNT
  NUMBER      CODE      DESCRIPTION             TYPE   DATE    NO.     AMOUNT    NUMBER
  =========   ====  ==========================  ====  =======  ====  ========= =======
  ISR-CABR    CABR  STAFF MED 17-05-0034          D   12/05/2018 014    $3.00 201883
  CHRISTMAS   ADJC                                C   12/05/2018 001    $3.00 201883
```

```
PAGE : 0001
TRANSACTION INQUIRY COMPLETE
PF2=DISPLAY TRANSACTIONS   PF7=PG/UP   PF8=PG/DN   *PF9=CLEAR SCREEN*   PF10=EXIT
```



**REQUEST FOR REMITTANCE**
State Form 35720 (5-91)
Approved by State Board of Accounts 1989

| BUSINESS OFFICE USE ONLY |
|---|
| CHECK NUMBER: |

*INSTRUCTIONS:*
*This form must be completed in full, signed and approved by the appropriate staff before any remittance will be made.*

**TO:   BUSINESS OFFICE / CLERK, DEPARTMENT OF CORRECTION, STATE OF INDIANA.**

| Facility   PCF/IR | Date *(month, day, year)*   1-25-16 |
|---|---|
| Pay to:   Pendleton Correctional Facility | Relationship |
| Address *(number, street, rural route, city, state and ZIP code)*   4490 W. Reformatory Rd.  Pendleton, IN. 46064 | |

| Amount *(please print out the dollars and cents)*   Fourteen thousand, three hundred sixty four ¹⁴⁄₁₀₀  ( $14,364.14 ) |
|---|
| Purpose for remittance   Restitution for IDU17-05-0034 |

| Name of offender *(please print)*   Baylue, Deandrian | Offender housing location   S-6E | DOC number   201413 |
|---|---|---|
| Signature of offender   Deandrian Baylue | Signature of staff witness   Lt. Cooke #49 | Approved by:   David Ng |

**DISTRIBUTION:**   White - Business office;   Pink - Offender;   Canary - Investigator

EXHIBIT A





**REPORT OF CONDUCT**
State Form 39590 (R4 / 11-13)
INDIANA DEPARTMENT OF CORRECTION



| Case number |
| ISR17-05-0034 |
| Date assigned (month, day, year) |
| 5-9-17 |

A

**INSTRUCTIONS:** Type or Print clearly

**NOTE TO REPORTING EMPLOYEE:** This report is to be filled out in triplicate. All copies shall be forwarded to the screening officer, in accordance with the Disciplinary Code for Adult Offenders.

11-1C

| Name of offender | DOC number of offender | Facility | Housing unit |
|---|---|---|---|
| Boykins, Deandrian | 201883 | PCF/IR | HCH |

| Date of incident (month, day, year) | Time of incident | | Place of incident | Date report written (month, day, year) |
|---|---|---|---|---|
| 05-06-2017 | Approx 9:42 | ☑ AM ☐ PM | Dinning Room Two | 05-06-2017 |

| Offense | Code number |
|---|---|
| Assaulting another offender | 102 |

**DESCRIPTION OF INCIDENT** (if more space is needed, attach additional sheets in triplicate.)

On the above date and approx time, I Ofc. K. Boules was watching the chow line in dinning room two.

After everyone was seated, Offender Boykins (201883) and Offender Smith (974253) began to fight.

I Ofc. Boules called a Signal 10-10 and went to split them up. No force was required because both offenders

complied. Both Ofds. were placed in restraints. Ofd. Boykins was taken to a dry cell. Ofd. Smith was taken

to the infirmary to been seen by medical.

| Disposition of physical evidence, if any |
|---|
| Photos taken |

| Witness(es), if any |
|---|
| |

| Signature of reporting employee | Name and title (please print) | Screening officer | | |
|---|---|---|---|---|
| | Ofc. K. Boules | S. Napper | | |
| Signature of immediate supervisor | Name and title (please print) | Date (month, day, year) | Time | ☐ AM |
| | Capt. Perrault | 05/06/17 | 12:15 | ☑ PM |

**FOR SCREENING OFFICERS ONLY**

| Copy of report delivered to offender by: | Date report delivered (month, day, year) |
|---|---|
| | 5-11-17 |

| Signature of offender receiving copy | Note here if offender refuses to sign |
|---|---|
| Copy given to ofd - unable to sign in restrict. house |

**DISTRIBUTION:** Original - Offender; Copy - Central Office; Copy - Facility Packet

EXHIBIT C